NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 29 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO LUIS MELCHOR MENDEZ, AKA Florencio Fructoso Ramirez, | No. 19-72126 |
| Petitioner, | Agency No. A078-241-262 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2023[**]
San Francisco, California

Before: BUMATAY, KOH, and DESAI, Circuit Judges.

Pedro Luis Melchor Mendez, a native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") order denying his application for cancellation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

removal, withholding of removal, voluntary departure, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and remand to the agency for further proceedings.

1. The IJ pretermitted Melchor's application for cancellation of removal because he failed to establish continuous physical presence in the United States for ten years. The BIA considered Melchor's application de novo and denied cancellation of removal in its discretion based on a range of equitable factors. Melchor argues that he was only allowed to introduce testimony about his ten-year physical presence, and the BIA's discretionary decision violates due process. The Government concedes that remand is appropriate to provide Melchor an opportunity to testify about the complete factual background of his case. We agree that Melchor should have that opportunity, and remand for further proceedings. *See Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021) ("If an IJ's actions prevent the introduction of 'significant testimony,' that generally violates due process." (quoting *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1056 (9th Cir. 2005))).

Melchor also argues that the BIA erred by failing to address his appeal of the

---

[1] Melchor conceded before the IJ that an application for asylum would be untimely; waived his CAT and voluntary departure claims by failing to appeal them to the BIA, *see Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); and waived any challenge to the agency's denial of his application for withholding of removal by failing to raise it in his opening brief, *see Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 485 (9th Cir. 2010).

IJ's reasoning for pretermission. Given that we remand on this issue, we need not reach this issue.

2. Before the BIA, Melchor argued that his Notice to Appear ("NTA") did not confer jurisdiction on the immigration court because it did not contain the time and date of his initial hearing. In *United States v. Bastide-Hernandez*, this court ruled that "the failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction." 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc).

**DENIED IN PART, REMANDED IN PART.**